[No. 82210-7.    En Banc.]

Argued February 23, 2010.    Decided August 19, 2010.

THE STATE OF WASHINGTON, *Respondent*, v. CORYELL[†] LEVOI ADAMS, *Petitioner*.

*Dana M. Lind* (of *Nielsen, Broman & Koch PLLC*), for petitioner.

---

[†] Petitioner's first name was misspelled in the information filed in King County Superior Court. Clerk's Papers at 1.

*Daniel T. Satterberg, Prosecuting Attorney,* and *Stephen P. Hobbs, Deputy,* for respondent.

*Douglas B. Klunder* on behalf of American Civil Liberties Union and Washington Association of Criminal Defense Lawyers, amici curiae.

¶1 MADSEN, C.J. — Coryell Adams was arrested for an outstanding warrant and his vehicle searched incident to that arrest. Adams moved to suppress the evidence obtained from this search as the fruit of an illegal search. The trial court denied the motion, and the Court of Appeals affirmed. *State v. Adams,* 146 Wn. App. 595, 191 P.3d 93 (2008). We reverse because Adams was not within reaching distance of the passenger compartment of the vehicle at the time of the search and the search was not triggered by officer safety concerns or the need to secure evidence of the crime for which he was arrested. *Arizona v. Gant,* 556 U.S. 332, 129 S. Ct. 1710, 173 L. Ed. 2d 485 (2009); *State v. Patton,* 167 Wn.2d 379, 219 P.3d 651 (2009). In addition, pursuant to our recent decision in *State v. Afana,* 169 Wn.2d 169, 233 P.3d 879 (2010), we reject the State's invitation to recognize a "good faith" exception to the exclusionary rule in cases that involve police acting under a mistaken but good faith belief that their actions were constitutional, as inconsistent with article I, section 7 of the Washington State Constitution.

## FACTS

¶2 On May 24, 2006, just after midnight, Deputy Heather Volpe observed Coryell Adams sitting in a parked car outside Goldie's Shoreline Casino on Aurora Avenue. Volpe checked the license plate number and learned that Adams had an outstanding arrest warrant for driving with a revoked license.

¶3 Volpe followed Adams as he drove out of the casino parking lot and onto a Taco Bell parking lot. Volpe drove onto the same lot, activated her emergency lights, and parked about eight feet behind Adams' car. As she stepped out of her patrol car, Adams stepped out from his car, stood near the driver's side door and began yelling at Volpe, challenging the stop as racial profiling. After Volpe repeatedly ordered Adams back into his car, Adams "took 4-5 steps away from the car" and stepped into an adjacent parking stall where he continued to yell and wave his arms. At Volpe's request, another deputy arrived and Adams calmed down. He was then placed under arrest.

¶4 After Adams failed to identify himself, Volpe frisked Adams and removed his keys and his wallet, which contained documents identifying him as the registered owner of the vehicle. The other deputy unlocked Adams' car. After Volpe placed Adams in the back of her patrol car and read him his rights, she searched his vehicle and found a small black bag containing cocaine in the center console.

¶5 The State charged Adams with possession of cocaine under RCW 69.50.4013. Adams moved to suppress the cocaine as the fruit of an illegal search, arguing the officer lacked probable cause to believe there would be drugs in the car, and no legitimate officer safety concern justified the search. The trial court, relying on *Thornton v. United States*, 541 U.S. 615, 124 S. Ct. 2127, 158 L. Ed. 2d 905 (2004), denied the motion, finding Adams was a "recent occupant of the vehicle." Clerk's Papers (CP) at 22. The trial court also stated that "[a] driver cannot defeat a valid search incident to arrest by getting out of the car and locking the car door when he is seen in the car and driving it, and when the arrest is made very close in time and space to the driving of the vehicle." CP at 22-23.

¶6 The Court of Appeals affirmed, holding that the search was justified as a search incident to arrest because "Adams was a recent occupant in immediate control of his car at the time of the arrest." *Adams*, 146 Wn. App. at 606. The court distinguished "a vehicle locked in the presence of

investigating officers" from "a locked container inside the vehicle," which was held to be inaccessible under *State v. Stroud*, 106 Wn.2d 144, 152, 720 P.2d 436 (1986), *overruled in part by State v. Valdez*, 167 Wn.2d 761, 224 P.3d 751 (2009), reasoning an arrestee could still quickly gain access to a weapon or destructible evidence inside the car through use of a mechanical or automatic key, and locking the car in the presence of officers may have many connotations besides an increased expectation of privacy. *Adams*, 146 Wn. App. at 605.

¶7 Adams filed a petition for review in this court, which was granted. *State v. Adams*, 165 Wn.2d 1036 (2009). On April 10, 2009, we granted the parties' agreed motion to stay supplemental briefing pending the United States Supreme Court's decision in *Gant*, 556 U.S. 332. In its supplemental brief, the State concedes that *Gant* applies in this case but urges the court to affirm based on a good faith exception to the exclusionary rule.

## ANALYSIS

¶8 As noted, the parties agree that the search here violates the Fourth Amendment to the United States Constitution and article I, section 7 of the Washington State Constitution as recently articulated in *Gant* and *Patton*. In light of these cases, the State seeks to justify admitting the evidence obtained in the search under a "good faith" exception to the exclusionary rule.

¶9 Our recent decision in *Afana* resolves this case. In *Afana* we rejected the State's argument that "good faith" reliance on pre-*Gant* case law constitutes an exception to the exclusionary rule under article I, section 7 of the Washington State Constitution. We explained the distinction between an officer's "good faith" reliance on statutes that were subsequently declared unconstitutional to establish probable cause to arrest, as occurred in *Michigan v. DeFillippo*, 443 U.S. 31, 99 S. Ct. 2627, 61 L. Ed. 2d 343 (1979); *State v. Potter*, 156 Wn.2d 835, 132 P.3d 1089 (2006);

and *State v. Brockob*, 159 Wn.2d 311, 150 P.3d 59 (2006), and reliance on prior case law to justify an exception to the exclusionary rule as a remedy for violating article I, section 7. As in *Afana*, the State urges that reliance on prior case law should form the basis for an exception to the exclusionary rule.

## CONCLUSION

¶10 Because the State concedes that *Gant* applies to the search in this case, and because we have declined to recognize a "good faith" exception based on pre-*Gant* case law in *Afana*, we reverse the conviction in this case.

C. JOHNSON, ALEXANDER, SANDERS, CHAMBERS, OWENS, FAIRHURST, J.M. JOHNSON, and STEPHENS, JJ., concur.